IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERTO BRISENO, PRO SE, | § | |
| also known as ANTONIO SOLIS, | § | |
| TDCJ-CID No. 922092, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0211 |
| | § | |
| RICK THALER, Director of TDCJ, | § | |
| LARRY E. BERGER, LEVIN W. FULLER, | § | |
| JASON A. VICK, and WILLIAM C. GING, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff ROBERTO BRISENO, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims that, on September 23, 2010, defendant VICK violated the Eighth Amendment prohibition against cruel and unusual punishment by executing an unnecessary and excessive use of force on plaintiff, spraying him with pepper spray and hitting him with his handcuffs when plaintiff refused to exit the rec yard and advanced a step toward defendant VICK. Plaintiff says he sustained injuries resulting in five staples in his head and two stitches on his hand.

Plaintiff states defendant THALER is the Director of TDC and is responsible for all actions of employees.

Plaintiff says defendant BERGER is the Assistant Warden of the Clements Unit and violated plaintiff's Fourteenth Amendment rights in that he is responsible for denying plaintiff's grievances. Plaintiff states defendant FULLER violated plaintiff's Fourteenth Amendment rights when, acting as the Disciplinary Hearings Officer, he denied plaintiff's request to call witnesses. Lastly, plaintiff claims defendant GING violated plaintiff's Fourteenth Amendment rights when, acting as plaintiff's counsel substitute, he refused to take the names of plaintiff's witnesses and their statements.

As relief, plaintiff requests "a large sum of money for the pain and injury and mental and emotional pain" and injunctive relief forbidding TDCJ from finding inmates guilty based solely on the verbal and written testimony of the officers.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Review of the attachments to plaintiff's Complaint reveals a Disciplinary Report and Hearing Record marked "(Exhibit E)" showing plaintiff received a disciplinary case for the use of force forming the basis of his claim against defendant VICK. The disciplinary charge is shown as follows:

> On the date and time listed above [9-23-10], and at 12-C-1 and 2 rec yard vestibules, offender Griseno, Roberto, TDCJ-ID No. 00922092, assaulted Officer Vick, CO5, and Officer Burk, CO5, with a weapon, namely, 1 can COP chemical agents, by administering COP and also biting the officers. The assault resulted in injuries that required treatment up to first aid. Offender Griseno was ordered by Officer Vick to put his hands behind his back and said offender failed to obey charging officer: Vick, J. COV.

At the disciplinary hearing conducted September 30, 2010 on the above disciplinary case, plaintiff was found guilty and suffered, among other punishments, a loss of 365 days of accumulated goodtime credits.

Any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been terminated favorably to the section 1983 plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct.

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2364, 2372, 129 L.Ed.2d 383 (1994). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits is not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

Review of plaintiff's claims against defendant VICK and FULLER make it clear that any judgment in this cause favorable to plaintiff would necessarily call into question the outcome of his disciplinary case and, therefore, plaintiff's claims are barred until the disciplinary determination has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

As to plaintiff's claim against defendant THALER, plaintiff merely claims THALER is responsible for the acts of his employees. Regardless of the fact that the defendants are not actually employees of defendant THALER, the Court understands plaintiff's claim against THALER to be based, in whole or in part, upon the supervisory capacity of this defendant; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (per curiam ). Plaintiff has alleged no fact demonstrating personal involvement by

defendant THALER and has alleged no fact showing any causal connection between his acts and the alleged constitutional violation. Consequently, plaintiff's allegations against defendant THALER fails to state a claim on which relief can be granted.

Plaintiff's claim against defendant BERGER is that he violated plaintiff's Fourteenth Amendment rights in that he denied plaintiff's grievances. It appears plaintiff's claim is that defendant BERGER failed to satisfactorily resolve his grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendant BERGER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant GING, plaintiff's Disciplinary Report and Hearing Record shows defendant GING was plaintiff's counsel substitute for the hearing. Plaintiff complains GING refused to take the names of plaintiff's witnesses and their statements for the hearing. A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for

recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant GING lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff ROBERTO BRISENO BE DISMISSED WITH PREJUDICE AS FRIVOLOUS, AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET, AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of October, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).